**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY CASES ) ) ) ) *This Document Relates To:* ) ) **All Actions** ) ) | Master Docket No. 12-12052-FDS |

**ORDER AS TO THE PRESERVATION OF POTENTIAL**
**EVIDENCE BY AMERIDOSE LLC**

**SAYLOR, J.**

This order shall govern the preservation of documents, electronically stored information, and tangible things within the possession, custody, and/or control of Ameridose LLC, that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation.

1. The following definitions shall apply in this order:

    a. The term "AMD" shall mean Ameridose LLC.

    b. The term "Evidence" shall mean documents, electronically stored information ("ESI"), and tangible things that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation.  The term shall be interpreted broadly, and shall include such things as drafts and handwritten notes.  It shall also include any information that serves to identify, locate, or link other Evidence, such as file inventories, file folders, indices, and metadata.

    c. The term "preserve" shall mean to maintain, and preserve the integrity of, a document, ESI, or tangible thing.  It shall include taking reasonable

     steps to prevent the partial or full destruction, alteration, shredding, wiping, migration, or deletion of such materials, as well as negligent or intentional handling that would make material incomplete or inaccessible.

2. AMD shall take reasonable steps to preserve all Evidence.

3. AMD's obligation to preserve Evidence shall extend to items in its possession, custody, or control, as well as to items under the control of AMD that are in the custody or possession of third parties. AMD shall make reasonable efforts to identify and notify such third parties in order to ensure that such items are preserved.

4. Documents and ESI subject to this order may exist, without limitation, on servers, personal computers, external hard drives, cell phones, smart phones, PDAs, tablets, and backup media, and in e-mail accounts. Documents and ESI subject to this order shall be maintained and preserved in their native format.

5. Documents not in electronic form may be maintained in original form or by an accurate photocopy or scanned image.

6. If AMD's business practices involve the routine destruction, recycling, relocation, or alteration of documents, ESI, or tangible things (including, but not limited to, the overwriting or reuse of computer backup media), it shall either (1) cease that practice or (2) make reasonable arrangements for the preservation of any Evidence that would otherwise likely be lost. AMD has and must preserve a full backup of its systems that was completed October 14, 2012.

7. The Court acknowledges (1) that the parties do not concede that any item subject to this order is discoverable, relevant, or admissible; (2) that the parties expressly reserve the right to challenge any specific discovery request; (3) that the parties reserve the right to

challenge the competency, relevance, materiality, privilege and/or admissibility into evidence of any item in any subsequent proceeding; and (4) that all parties reserve the right to challenge the destruction of any item that occurred prior to entry of this order.

8. This order may be modified as appropriate during the course of this litigation.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  December 13, 2012