UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES ) ) ) ) ) *This Document Relates To*: ) ) **All Actions** ) ) | Master Docket No. 12-12052-FDS |

**ORDER AS TO THE PRESERVATION OF POTENTIAL
EVIDENCE BY THE PLAINTIFFS AND INDIVIDUAL DEFENDANTS**

**SAYLOR, J.**

This order shall govern the preservation of documents, electronically stored information, and tangible things within the possession, custody, and/or control of Plaintiffs and Individual Defendants, that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation.

1. The following definitions shall apply in this order:

    a. The term "Plaintiffs" shall mean all named plaintiffs in the above-captioned cases, including all plaintiffs who will in the future become subject to this order.

    b. The term "Individual Defendants" shall mean Barry Cadden, Lisa Conigliaro Cadden, Gregory Conigliaro, Doug Conigliaro, Carla Conigliaro, and Glenn Chin.

    c. The term "Evidence" shall mean documents, electronically stored information ("ESI"), and tangible things that are, or are reasonably likely to be, relevant and/or subject to discovery in this litigation. The term shall

       be interpreted broadly, and shall include such things as drafts and handwritten notes. It shall also include any information that serves to identify, locate, or link other Evidence, such as file inventories, file folders, indices, and metadata.

    d.    The term "preserve" shall mean to maintain, and preserve the integrity of, a document, ESI, or tangible thing. It shall include taking reasonable steps to prevent the partial or full destruction, alteration, shredding, wiping, migration, or deletion of such materials, as well as negligent or intentional handling that would make material incomplete or inaccessible.

2.    Each Plaintiff and Individual Defendant shall take reasonable steps to preserve all Evidence.

3.    Each Plaintiff and Individual Defendant's obligation to preserve Evidence shall extend to items in his or her possession, custody, or control, as well as to items under his or her control that are in the custody or possession of third parties. Each Plaintiff and Individual Defendant shall make reasonable efforts to identify and notify such third parties in order to ensure that such items are preserved.

4.    Documents and ESI subject to this order may exist, without limitation, on servers, personal computers, external hard drives, cell phones, smart phones, PDAs, tablets, and backup media, and in e-mail accounts. Documents and ESI subject to this order shall be maintained and preserved in their native format.

5.    Documents not in electronic form may be maintained in original form or by an accurate photocopy or scanned image.

6.     The Court acknowledges (1) that the parties do not concede that any item subject to this order is discoverable, relevant, or admissible; (2) that the parties expressly reserve the right to challenge any specific discovery request; (3) that the parties reserve the right to challenge the competency, relevance, materiality, privilege and/or admissibility into evidence of any item in any subsequent proceeding; and (4) that all parties reserve the right to challenge the destruction of any item that occurred prior to entry of this order.

7.     This order may be modified as appropriate during the course of this litigation.

**So Ordered.**

                                             /s/ F. Dennis Saylor
                                             F. Dennis Saylor IV
                                             United States District Judge

Dated: December 13, 2012