**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES ) ) ) ) ) ) | Master Docket No. 12-12052-FDS |
| *This Document Relates To:* ) ) LANCE MARTIN and TOBY MARTIN, et. al., ) ) Plaintiffs, ) ) v. ) ) NEW ENGLAND COMPOUNDING PHARMACY, INC., et. al., ) ) Defendants. ) | Civil Action No. 12-12055-FDS |

**MOTION OF DEFENDANT ALAUNUS PHARMACEUTICAL, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant, Alaunus Pharmaceutical, LLC ("Alaunus"), by and through its counsel, hereby moves the Court to dismiss the amended complaint or, in the alternative, to dismiss all claims against Alaunus, for failure to state a claim upon which relief may be granted.

The amended complaint, which purports to be a class action products liability suit collectively against New England Compounding Pharmacy, Inc. ("NECC"), Ameridose, LLC ("Ameridose"), and Alaunus filed by Plaintiffs Lance Martin ("Mr. Martin") and Toby Martin ("Mrs. Martin"), husband and wife, on behalf of themselves and all others similarly situated, asserts that Mr. Martin received an injection of a steroid compound, which he believes was manufactured and distributed by the defendants, and that he has suffered emotional distress (but no other physical injury or other manifestations of any disease) because he was notified that the

compound in his injection was or may have been contaminated with a fungal agent and that he is at risk of developing fungal meningitis.  The complaint asserts claims on behalf of Mr. Martin of negligence, breach of express warranty, breach of the implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose, and asserts a loss of consortium claim on behalf of Mrs. Martin.

As set forth more fully in Alaunus' Memorandum in Support of Its Motion to Dismiss, which has been filed in conjunction with this Motion, this Court should dismiss the amended complaint or, in the alternative, dismiss all claims against Alaunus, pursuant to Rule 12(b)(6), because the amended complaint fails to allege sufficient factual allegations to show that Mr. Martin has a plausible right to recovery against Alaunus under any of the theories of liability asserted by the Plaintiffs.  Additionally, the amended complaint fails to allege a legally sufficient injury as to Mr. Martin as required to recover under any products liability theory.  Given that Mrs. Martin's loss of consortium claim is derived from her husband's failed claims, her loss of consortium claim must fail.   The Plaintiffs are not entitled to conduct any discovery prior to the disposition of this motion to dismiss because the complaint woefully fails to plead a plausible right to recovery against Alaunus under any theory of liability and Mr. Martin's alleged emotional distress is not, in any event, a legally compensable injury as a matter of law.  For these reasons, this Court should dismiss the complaint in its entirety, or at the very least as to Alaunus, pursuant to Fed.R.Civ.P. 12(b)(6).

Dated:  January 1, 2013

Respectfully submitted,
Defendant Alaunus Pharmaceutical, LLC
By its Attorneys,

*/s/* Ryan Ciporkin
_____
Franklin H. Levy (BBO# 297720)
Ryan Ciporkin (BBO# 667479)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
Tel: (617) 439-4990
Fax: (617) 439-3987
flevy@lawson-weitzen.com
rciporkin@lawson-weitzen.com

## **CERTIFICATE OF SERVICE**

I, Ryan Ciporkin, hereby certify that, on this 1st day of January 2013, the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ryan Ciporkin
_____
Ryan Ciporkin