UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  NEW ENGLAND COMPOUNDING PHARMACY CASES | Master Docket No. 12-12052-FDS |
| *This Document Relates To:* | |
| RAYMOND MCDOW, ROSEANNE BROOKS, et. al., | |
| Plaintiffs, | Civil Action No. 12-12112-FDS |
| v. | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., et. al., | |
| Defendants. | |

## MOTION OF ALAUNUS PHARMACEUTICAL, LLC TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant, Alaunus Pharmaceutical, LLC ("Alaunus"), by and through its counsel, hereby moves the Court to dismiss the amended complaint in its entirety or, in the alternative, to dismiss all claims against Alaunus, for failure to state a claim upon which relief may be granted.

The amended complaint, which purports to be a class action products liability suit filed by Plaintiffs Raymond McDow ("McDow") and Roseanne Brooks ("Brooks"), on behalf of themselves and all others similarly situated, asserts claims of negligence, negligent infliction of emotional distress, breach of express and implied warranties, battery, and constructive trust collectively against Alaunus, New England Compounding Pharmacy, Inc. ("NECC"), Ameridose, LLC ("Ameridose"), Medical Sales Management, Inc. ("MSM"), Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, Barry Cadden, and Gregory Chin.  The

claims arise out of alleged injuries consisting of headaches, muscle pains, and flu-like symptoms suffered by McDow, Brooks, and the unnamed individuals in the purported class, from an injection of a steroid compound, which the Plaintiffs assert were manufactured and/or distributed by the Defendants, and which the Plaintiffs suspect were contaminated with a fungal agent.

As set forth more fully in Alaunus' Memorandum in Support of Its Motion to Dismiss, which has been filed in conjunction with this Motion, the amended complaint fails to state a plausible claim for negligence, negligent infliction of emotional distress, breach of express and implied warranties, and battery. Ignoring the bald and conclusory assertions in the amended complaint, it fails to state a claim under any of those theories because it does not plead sufficient facts to give rise to a reasonable inference that Alaunus manufactured or distributed any defective product into the stream of commerce, that Plaintiffs have suffered a legally compensable injury, that Plaintiffs' alleged injuries were caused by the defective product, and that the products consumed by Plaintiffs are fairly traceable to Alaunus. Also, the negligent infliction of emotional distress claim fails not only due to the insufficiency of the allegations in the amended complaint, but also because the Plaintiffs' purported emotional distress does not stem from any physical injury allegedly caused by Alaunus. Additionally, the amended complaint fails to state a claim for breach of express warranty because the complaint pleads insufficient facts to show that an express warranty was created by Alaunus, that Plaintiffs relied on any such express warranty, and that Mr. Martin suffered an injury as a result of Alaunus' breach of such a warranty. Furthermore, the implied warranty claims fail because the pleading does not specify facts to show that Alaunus was a merchant of the alleged defective product at issue or that Alaunus had reason to know that Plaintiffs' medical providers were going to use the MAP injections in any manner other than its ordinary purpose in medicine. Moreover, the battery claim fails because the amended complaint does not plead facts showing that the Plaintiffs did not consent to the use of the product at issue. Finally, the constructive trust claim fails because common ownership and management - the only

well-plead allegations in the amended complaint regarding Alaunus - is not enough to hold Alaunus vicariously or jointly liable for any misconduct under an alter-ego, concerted action, aiding and abetting, or joint venture theory.

For these reasons, this Court should dismiss the complaint in its entirety, or at the very least as to Alaunus, pursuant to Fed.R.Civ.P. 12(b)(6).

|  |  |
|---|---|
| Dated:  January 5, 2013 | Respectfully submitted,<br>Defendant Alaunus Pharmaceutical, LLC<br>By its Attorneys,<br><br>*/s/* Ryan Ciporkin<br>_____<br>Franklin H. Levy (BBO# 297720)<br>Ryan Ciporkin (BBO# 667479)<br>LAWSON & WEITZEN, LLP<br>88 Black Falcon Ave, Suite 345<br>Boston, MA 02210<br>Tel: (617) 439-4990<br>Fax: (617) 439-3987<br>flevy@lawson-weitzen.com<br>rciporkin@lawson-weitzen.com |

## **CERTIFICATE OF SERVICE**

I, Ryan Ciporkin, hereby certify that, on this 5th day of January 2013, the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ryan Ciporkin
_____
Ryan Ciporkin