IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC. PRODUCTS LAIBILITY LITIGATION<br><br>This Document Relates to:<br>  All Cases | ) ) ) ) ) ) ) ) ) MDL NO. 1:13-md-2419-FDS |
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES<br><br>This Document Relates to:<br>All Cases | ) ) ) ) ) ) ) ) Master Docket No. 12-12052-FDS |

## MOTION FOR MANDATORY ABSTENTION
### UNDER 28 U.S.C. § 1334(c)(2) ON BEHALF OF ROANOKE, VIRGINIA STATE COURT PLAINTIFFS IN CASES NOT NAMING NECC AS A DEFENDANT

The Chapter 11 Trustee for the Estate of New England Compounding Pharmacy, Inc. ("NECC" or the "Debtor") has filed a motion for entry of an order transferring numerous categories of personal injury and wrongful death cases which are identified therein globally as the "Pending Actions." The Trustee's Exhibit A4 lists fifteen cases that are only pending against non-debtor defendants. Of these, eleven of such cases are pending against Image Guided Pain Management, P.C., John M. Mathis, M.D., Robert F. O'Brien, M.D. and Insight Health Corp. These are identified by the following surnames: Bradley, Epperly, Filson, Foutz, Harris, Kalinoski, McFarlane, Smith (James Wirt), Smith (Randolph), Whilow and Wingate. Seven additional state court cases against only the same non-debtor defendants have also been filed in the Roanoke City Circuit Court and additional cases are expected in the near future. These

parties, commonly represented by the law firm Gentry Locke Rakes & Moore, are collectively referred to herein as the "Roanoke Gentry Locke Plaintiffs."

The Roanoke Gentry Locke Plaintiffs appear specially, by counsel, for the limited purpose of moving this Court for mandatory abstention under 28 U.S.C. § 1334(c)(2). As more specifically explained in the memorandum of law filed herewith, abstention is required in these cases because:

(1) a timely motion has been made;

(2) the cases are based entirely on state law and state causes of action;

(3) they are not core proceedings arising under Title 11;

(4) they could not have been commenced in federal court;

(5) they have been commenced; and

(6) they can be timely adjudicated.

Additionally, there are serious questions as to whether the "related to" jurisdiction of 28 U.S.C. § 1334(b) can be stretched so far as to include these state court cases against non-debtor defendants based solely on the possibility of some future contribution claim against the joint tortfeasor debtor.

Alternatively, these parties move this Court for permissive abstention under 28 U.S.C. § 1334(c)(1).

                                                                    ROANOKE GENTRY LOCKE PLAINTIFFS

                                                                    /s/ J. Scott Sexton
                                                                                By Counsel

J. Scott Sexton, Esq. (VSB No. 29284)
Anthony M. Russell (VSB No. 44505)
Charles H. Smith, III (VSB No. 32891)
Benjamin D. Byrd (VSB No. 76560)
Daniel R. Sullivan, Esq. (VSB No. 81550)
GENTRY LOCKE RAKES & MOORE, LLP
10 Franklin Road, S.E., Suite 800
P. O. Box 40013
Roanoke, Virginia  24022-0013
(540) 983-9300
FAX (540) 983-9400
sexton@gentrylocke.com
russell@gentrylocke.com
sullivan@gentrylocke.com

*Counsel for Roanoke Gentry Locke Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2013, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ J. Scott Sexton

23347/1/6210721v1